UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-574-H

CARLENE J. TABERT                                                                                         PLAINTIFF

V.

PARAGON SECURITY SYSTEMS, INC.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Carlene J. Tabert, was employed for a number of years as a security guard with Paragon Security Systems, Inc.  After numerous problems and complaints about her work, Defendant terminated Plaintiff on November 1, 2005.  Thereafter Plaintiff filed this *pro se* federal complaint alleging age, race, gender and religious discrimination in connection with her termination.

The Court held several conferences with Plaintiff and defense counsel to discuss the case and to advise Plaintiff of the kind of evidence she would need to show in order to make her case. The Court also set a discovery schedule and required Defendant to provide Plaintiff with certain documents in their possession.  At the close of discovery, Defendant has moved for summary judgment.  Although Plaintiff did respond, she was unable to address the pertinent legal and factual issues vital to her continuing the case.  Consequently, for the reasons that follow, the Court concludes that Defendant is entitled to summary judgment on the claims against it.

The pertinent facts of the case are that Defendant hired Plaintiff as an armed security guard on or about June 8, 2004, to work at various federal facilities located in Kentucky.  As

Defendant's memorandum for summary judgment suggests, Plaintiff was repeatedly warned and disciplined for a variety of work place violations. Paragon received complaints that Plaintiff made repeated references to violence and veiled threats of violence while she was on the job. In response to a number of these complaints, Paragon conducted an investigation after which Plaintiff was terminated on November 1, 2005.

Although there is some doubt whether Plaintiff can actually make out a *prima facie* case on her various discrimination claims, the Court will assume that she can do so and go directly to the burden shifting analysis. Once Plaintiff has established a *prima facie* case the burden does shift to Defendant to articulate a legitimate nondiscriminatory reason for Plaintiff's termination. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 340 (6th Cir. 2003). After Defendant has articulated such a legitimate reason, Plaintiff must show that that reason is not true but is rather a pretext for discrimination. To do this, Plaintiff must show that Defendant's explanation has no basis in fact, was entirely insufficient to warrant her termination, or was not actually the motivation behind this decision. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

As part of its investigation regarding Plaintiff's work conduct, Plaintiff assembled a number of memoranda and statements from various persons. These memoranda and statements have been provided to Plaintiff during this litigation and are attached to Defendant's motion for summary judgment. Defendant has also provided the letter of termination setting forth the reasons for Defendant's action and the basis under the collective bargaining agreement for the action. As a whole, these memoranda detailed various work incidents which provide substantial reasons for terminating Plaintiff from her employment. The Court need not review each of these

incidents here.

In response, Plaintiff basically asserts her disagreement with Defendant's allegations. She says that the allegations are untrue and unfounded. However, Plaintiff's disagreement with these alleged factual circumstances is insufficient to prove or even suggest that racial discrimination, gender discrimination, age discrimination or religious discrimination played any part in Defendant's termination of Plaintiff.

The evidence in the record reveals substantial and convincing reasons for Defendant's termination of Plaintiff. The most charitable thing which can be said of Plaintiff's defense is that perhaps there was legitimate disagreement about the nature of her conduct while at work. Even if this is true, that disagreement does not in anyway suggest that Defendant's motives related to an unlawful discrimination of any kind.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:   Carlene J. Tabert, *Pro Se*
      Counsel of Record